NO. 07-07-0505-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 30, 2008
_____

DON BROOKS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 82666; HONORABLE CHARLES D. CARVER, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Don Brooks, Jr., acting pro se, filed a document with this Court on December 27, 2007, entitled "Petition for Acquittal and Arrest of Judgment Review," which, as we read the document, raises issues regarding the merits of his conviction and sentencing in cause number 82666.[1] We dismiss for want of jurisdiction.

---

[1] Appellant fails to identify the court that issued the judgment from which he is seeking appeal. However, a case search of the Ninth District Court of Appeals's website identifies that the judgment in cause number 82666 was rendered by the Criminal District Court.

This Court's appellate jurisdiction is generally limited to cases appealed from trial courts within our district. TEX. GOV'T CODE ANN. § 22.201 (Vernon 2004). We can identify no basis for jurisdiction over appellant's appeal. Appellant acknowledges that his appeal in cause number 82666 is pending before the Ninth District Court of Appeals.

Appellant's petition filed in this Court refers to Rule 17.1 of the Texas Rules of Appellate Procedure, which addresses instances in which a court of appeals is unable to take immediate action, and Rule 17.2, which provides for action by "the nearest court of appeals that is able to take immediate action." TEX. R. APP. P. 17.1, 17.2. Appellant appears to contend that the rule has application here. Based on the statements in appellant's petition, we disagree that Rule 17 has application in the circumstances described. In addition, appellant provides no explanation how, given the great distance between Beaumont and Amarillo, this Court could be considered the nearest available court of appeals.

Further, we take judicial notice that a case search of the Ninth District Court of Appeals's website reveals that an appeal of the trial court cause number referenced in appellant's petition is currently pending before that Court.

For these reasons, we conclude that we lack jurisdiction over appellant's attempted appeal. Accordingly, it is dismissed.

Mackey K. Hancock
Justice

Do not publish.

2